**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 97-4680

KEVIN LAMONT PHILLIPS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Henry C. Morgan, Jr., District Judge.
(CR-96-52)

Submitted: January 26, 1999

Decided: March 23, 1999

Before MURNAGHAN and HAMILTON, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William P. Robinson, Jr., Norfolk, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, William D. Muhr, Special Assistant
United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Kevin Lamont Phillips was convicted of possession with intent to distribute crack cocaine, in violation of 21 U.S.C.A. § 841(a)(1), (b) (West 1981 & Supp. 1998) and using and carrying a firearm during and in relation to a drug crime, in violation of 18 U.S.C.A. § 924(c) (West Supp. 1998). On July 5, 1995, the Hampton, Virginia, police received a report of a shooting at Applebee's Restaurant. Several officers proceeded to the scene, where they found two victims, one suffering from a gunshot wound, and shell casings and blood in the parking lot. The victim who was not injured, Adams, explained the incident to police and walked them through the scene. As they were standing near the door of the restaurant, Adams pointed to three males and a female getting into a car about forty yards away and said, "That looks like them."

Officers Younginer, McNair and Bailey approached these individuals, one of whom was Phillips, and said they needed to speak to them about a shooting. Younginer asked if any member of the group had any weapons, which they all denied. He then asked if he could check for weapons, and Phillips shook his head. Younginer asked him, "Do you mind if I search you for weapons?" and Phillips shook his head, which Younginer took to mean, no, he did not mind. Officer McNair, who patted down Phillips, testified at the suppression hearing that he asked Phillips whether the latter minded if McNair patted him down for the officer's own safety, to which Phillips answered, "No." McNair took that to mean he could pat Phillips down. When he did so, he felt a weapon at Phillips's waistline.

Upon finding a .44 caliber pistol, McNair arrested Phillips for concealment of a weapon. McNair completed searching Phillips, and found a quantity of a substance he suspected to be crack cocaine, a bag of marijuana, a pager, and over $1500 in cash. The gun was not loaded.

The district court ruled that this was a proper Terry stop as the officers had a reasonable basis to investigate the individuals, who had been identified by a victim as participants in a shooting that had just

2

occurred. See Terry v. Ohio, 392 U.S. 1, 30 (1968). On appeal, Phillips alleges that the stop was not proper under Terry and that he did not consent to the patdown which revealed the weapon.

A police officer may stop and briefly detain an individual for investigative purposes if the officer has a reasonable suspicion, based on articulable facts, that criminal activity is afoot. See id. at 30. The existence of reasonable suspicion is evaluated in light of all the circumstances confronting the officer, including all information available and any reasonable inferences to be drawn at the time of the stop. United States v. Crittendon, 883 F.2d 326, 328 (4th Cir. 1989). Reasonable suspicion is more than a hunch but less than probable cause. See Terry, 392 U.S. at 27. Police may conduct a patdown search of one stopped in a Terry situation if the officer has a reasonable suspicion that the individual is armed. United States v. Raymond, 152 F.3d 309, 312 (4th Cir. 1998). The standard justifying such a patdown is not an onerous one. United States v. Swann, 149 F.3d 271, 274 (4th Cir. 1998). We review de novo the district court's ultimate determination of a justifying suspicion; we review only for clear error the court's underlying findings of historical fact. See Ornelas v. United States, 517 U.S. 690, 699 (1996).

Here, a shooting had been committed a short time before the stop, and at the same location. One of the victims of the incident had been injured and taken to the hospital. The other target spontaneously identified a group of people who had just left Applebee's as the perpetrators of the shooting. Therefore, it was entirely reasonable for the officers to believe that Phillips, or any other member of the small group, had been involved in a dangerous crime and was possibly still armed. The fact that there were now three men in the group, while only two men had been involved in the shooting, does not make the stop and patdown of all three men unreasonable under the circumstances. The officers certainly had a reasonable suspicion that criminal activity was afoot and that at least one member of the group was armed and dangerous. A brief patdown of the outside of Phillips's clothing disclosed the presence of a large handgun. Therefore, the Terry stop and patdown was entirely reasonable and appropriate under the standard set forth above.

Because the stop and frisk were proper under Terry, it is unnecessary to consider whether Phillips consented to the search which led

3

to discovery of the weapon. We affirm Phillips's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and oral argument would not aid the decisional process.

<u>AFFIRMED</u>

4